■ In the Matter of SIRFIRE JOSEPH S., an Infant. NIKIENYA MERCEDES TERESA S., Appellant; JEWISH CHILD CARE ASSOCIATION, Respondent. [9 NYS3d 271]—

Order of fact-finding and disposition, Family Court, Bronx County (Erik K. Pitchal, J.), entered on or about July 31, 2014, which, upon a fact-finding determination based upon respondent mother's admission that she permanently neglected her child, terminated her parental rights and transferred custody and guardianship of the child to petitioners Jewish Child Care Association of New York and the Commissioner of Social Services, for the purpose of adoption, unanimously affirmed, without costs. The court's determination that it was in the child's best interest to terminate respondent's parental rights, thus freeing him for adoption by the foster family he has lived with predominantly since birth, was supported, at a minimum, by a preponderance of the evidence (*Matter of Adam Mike M. [Jeffrey M.]*, 104 AD3d 572, 573 [1st Dept 2013]). Respondent had threatened to kill him and his foster family and had no insight into why the child was placed in foster care to begin with (*Matter of Ebonee Annastasha F. [Crystal Arlene F.]*, 116 AD3d 576 [1st Dept 2014], *lv denied* 23 NY3d 906 [2014]). The circumstances presented do not warrant a suspended judgment (*Matter of Jayvon Nathaniel L. [Natasha A.]*, 70 AD3d 580 [1st Dept 2010]). Even if the mother were to continue on a path to mental recovery, there has not been a showing that it would be in the child's best interest to be returned to her care, where the child is presently well-cared for and eager to be adopted (*id.*; *Matter of Lorenda M.*, 2 AD3d 370, 371 [1st Dept 2003]). Concur—Andrias, J.P., Moskowitz, DeGrasse, Gische and Kapnick, JJ.